Allen H. Browning, ISBN 3007
Steve Carpenter, ISBN 9132
Jessalyn Hopkin, ISBN 10630
BROWNING LAW
482 Constitution Way, Suite 111
Idaho Falls, ID 83402
Telephone: (208) 542-2700
Facsimile: (208) 542-2711
Email: allen.browning.law@gmail.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM BIAS<br><br>Plaintiff,<br><br>vs.<br><br>WYNN ROBINSON, SID D. BROWN, R. JAMES ARCHIBALD, MADISON COUNTY, and CITY OF REXBURG POLICE DEPARTMENT<br><br>Defendants. | Case No.: CV<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

**UNITED STATES DISTRICT COURT District of Idaho**

Complaint for Damages and Demand for Jury Trial

### I. INTRODUCTION

This is an action for money damages against Wynn Robinson, Sid D. Brown, R. James Archibald, Madison County, and Rexburg Police Department for violations of the Plaintiff's Constitutional Rights. Under 42 U.S.C. § 1983, Plaintiff alleges that Defendants violated his constitutional rights. Defendants Robinson and Brown committed violations under Brady v. Maryland 373 U.S. 83 (1963), when they did not release exculpatory evidence, although they were aware or should have been aware of the implications of their actions. Defendant Archibald

conspired with Plaintiff Brown when Defendant Archibald made a practice of not requesting formal discovery from Defendant Brown and Defendant Brown made a practice of allowing Defendant Archibald to engage in informal discovery. The City of Rexburg Police Department is liable for the malicious prosecution and *Brady* violation, because the Rexburg Police Department has failed to maintain a proper system for preventing their police officers from unconstitutional stops, falsifying police reports, and allowing their Prosecutor to conspire in the practice of informal and deficient discovery. Defendant Madison County is liable for the continued misrepresentation of their contract Public Defender, Defendant Archibald. All of the Defendants, together, violated the due process and other civil rights of Plaintiff which damaged Plaintiff.

## II. JURISDICTION

The jurisdiction of this Court is invoked under Title 28 U.S.C. §§ 1331 and 1343. This suit is authorized by the Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments to the United States Constitution and Title 42 U.S.C. § 1983. Plaintiff seeks monetary recovery in excess of $10,000 for damages incurred by him.

## III. PARTIES

1. Plaintiff is a citizen of the United States who resides in Bingham County, State of Idaho.

2. Defendant Wynn Robinson (*hereinafter* "Robinson") was at all material times a police officer with the City of Rexburg Police Department in Madison County, State of Idaho. Said Defendant is sued both individually and in his official capacity.

3. Defendant Sid. D. Brown (*hereinafter* "Brown") was at all material times a Madison County Prosecuting Attorney in Madison County, State of Idaho. Said Defendant is being sued both individually and in his official capacity.

4. Defendant R. James Archibald (*hereinafter* "Archibald") was at all material times a Madison County Public Defender in Madison County, State of Idaho. Said Defendant is being sued both individually and in his official capacity.

5. Defendant City of Rexburg Police Department at all times employed Defendant Robinson. Defendant Robinson's actions are and were at all material times the actions of Defendant Rexburg Police Department, and reflected the policy and procedures of Defendant Rexburg Police Department.

6. Defendant Madison County at all times employed both Defendant Brown and Defendant Archibald whose actions are and were at all material times the actions of Defendant Madison County, and reflected the policy and procedures of Defendant Madison County.

## IV. INCIDENTS AT ISSUE

1. On or about September 4, 2012, at about 10:55 p.m., Defendant Robinson initiated a traffic stop on Plaintiff. Defendant Robinson arrested Plaintiff for a felony DUI under Idaho Code § 18-8004 and 8004A.

2. After consulting with his trial counsel, Plaintiff later pled guilty to a Felony DUI and was sentenced to a unified term of ten (10) years in prison, five (5) of which were determinate.

3. Plaintiff was unaware at the time that there was exculpatory video evidence which was not released to his attorney.

4. Plaintiff filed for post-conviction relief claiming that his attorney did not sufficiently challenge the stop and jurisdiction of the police officer who stopped him and also claimed that the attorney did not properly file a motion to suppress.

5. During an evidentiary hearing to determine whether the police officer had jurisdiction to stop Plaintiff, the State called Defendant Robinson as a witness, and he revealed that there was video

of the stop.

6. The video evidence raised the issue as to whether a motion to suppress should have been filed to challenge the legality of the stop.

7. The trial court allowed Plaintiff to assert that there was not reasonable suspicion for Defendant Robinson to pull Plaintiff over.

8. It was discovered that there were conflicting facts with what Defendant Robinson wrote in his report and what was discovered on the exculpatory video.

9. The trial court found that testimony from Defendant Robinson conflicted with the video and that even on its own, the trial court was unsure as to whether the testimony would have provided enough reasonable suspicion for Defendant Robinson to pull Plaintiff over.

10. A training officer testified that he trains police officers that circumstances like this one would be enough to pull someone over, but the Court disagreed, finding that per Idaho case law, these circumstances would not give rise to reasonable suspicion.

11. The trial court found that neither the facts independently, nor the totality of facts, would give the Defendant Robinson reasonable suspicion to stop Plaintiff's car.

12. The trial court also found that the State violated Plaintiff's constitutional right to due process when they did not provide the video to Plaintiff's attorney.

13. The trial court noted that even though Plaintiff's attorney did not request discovery, the Idaho Criminal Rules would have required automatic disclosure of the dashcam recording.

14. The trial court stated that even though Defendant Brown was also unaware of the video, it was still a *Brady* violation as knowledge of the video by Defendant Robinson, and the lack of disclosure, is imputed to the Madison County Prosecutor's Office as it is the entire investigatory team's job to ensure exculpatory evidence is brought to any plaintiff's attention.

15. Testimony by Defendant Archibald during the Court's evidentiary hearing provides that this was not merely a mistake of Defendant Robinson, but a result based on the systemic failure of the City of Rexburg Police Department's record-keeping practices, and the practice of Madison County's Public Defenders and Madison County Prosecutor's Office to make informal discovery requests.

16. Plaintiff spent approximately four (4) years and six (6) months in prison before he was released due to the violations of Defendants.

17. The District court of Madison County dismissed the action against William Bias on October 26, 2018.

## V. FIRST CAUSE OF ACTION

1. The facts set forth in Section I through IV inclusive, are incorporated herein as if fully set forth below.

2. Defendant Robinson, acting as an agent on behalf of Defendant City of Rexburg Police Department, within the scope of his employment, wrongfully, maliciously, and unlawfully placed Plaintiff under arrest and transported him to jail where he was confined and later posted bail.

3. Due to Defendant Robinson's illegal stop of Plaintiff, Plaintiff was charged and plead guilty to a felony DUI which caused Plaintiff to spend four (4) years and six (6) months in prison.

4. As a proximate result of Defendant Robinson's unlawful arrest and imprisonment, plaintiff was greatly humiliated, injured in his reputation, and suffered great pain, financial loss, and mental anguish, all to plaintiff's damage in the sum of no less than $10,000.

## VI. SECOND CAUSE OF ACTION

1. The facts set forth in Section I through IV inclusive, are incorporated herein as if fully set

forth below.

2. Defendant Brown, acting as agent and on behalf of Defendant Madison County, within the scope of his employment, wrongfully, unlawfully and maliciously prosecuted Plaintiff when Defendant Brown did not diligently release discovery information to Plaintiff.

3. As a proximate result of the malicious prosecution by Defendant Brown, Plaintiff was greatly humiliated, injured in his reputation, and suffered great pain, financial loss, and mental anguish, all to the Plaintiff's damage in an amount over $10,000.

## VII. THIRD CAUSE OF ACTION

1. The facts set forth in Section I through IV inclusive, are incorporated herein as if fully set forth below.

2. Defendant Archibald, acting under color of state law, within the scope of his employment, had a duty to represent Plaintiff as his attorney and conduct proper discovery. He wrongfully, unlawfully and intentionally caused harm to the Plaintiff by not formally requesting discovery, a practice Defendant Archibald stated was something he had done with the Prosecuting office for a long time, creating a conspiracy of intentional deception against multiple criminal defendants.

3. As a proximate result of the unlawful and intentional conspiracy by Defendant Archibald, Plaintiff was greatly humiliated, injured in his reputation, and suffered great pain, financial loss, and mental anguish, all to the plaintiff's damage in an amount of over $10,000.

## VII. FOURTH CAUSE OF ACTION

1. The facts set forth in Section I through IV inclusive, are incorporated herein as if fully set forth below.

2. The investigation, or lack thereof, conducted by Defendants violated the due process and other civil rights of Plaintiff as their actions were taken in bad faith or, in the alternative, negligently.

3. The continued lack of Defendant Archibald to request discovery from Plaintiff Brown shows a general pattern of malpractice of which the County of Madison knew or should have known that its contract public defender was failing to provide adequate, minimum standard representation.

4. As a proximate result of Defendant Madison County's violation of Plaintiff's due process and civil rights, Plaintiff was greatly humiliated, injured in his reputation, suffered financial loss, mental anguish, and loss of personal freedom.

## IX. FIFTH CAUSE OF ACTION

1. The facts set forth in Section I through IV inclusive, are incorporated herein as if fully set forth below.

2. Defendant City of Rexburg Police Department knew or should have known, that their officers were continually filing false police reports, that did not provide accurate details of traffic stops as showed by video footage of stops. Defendant Rexburg Police Department knew or should have known, that they possessed these videos and failed either in policy or training to produce these to the Prosecutor as part of discovery.

3. As a proximate result of Defendant City of Rexburg Police Department's violation of Plaintiff's due process and civil rights, Plaintiff was greatly humiliated, injured in his reputation, suffered financial loss, mental anguish, and loss of personal freedom.

## X. SIXTH CAUSE OF ACTION

1. The facts set forth in Section I through IV inclusive, are incorporated herein as if fully set forth below.

2. Defendants together violated the due process and other civil rights of Plaintiff when they maliciously and intentionally caused the arrest of Plaintiff as they knew or should have known there were no grounds nor reasonable suspicion for his stop.

3. The Defendants together, violated the due process and other civil rights of the Plaintiff when they committed a *Brady* violation by not releasing video evidence, which they knew to be exculpatory.

4. As a proximate result of Defendants' violation of Plaintiff's civil and constitutional rights, Plaintiff was greatly humiliated, injured in his reputation, and suffered pain, financial loss, and mental anguish, all to Plaintiff's damage in an amount of no less than $10,000.

Plaintiff has been compelled to employ the undersigned attorneys to represent him in this matter and is entitled to recover a reasonable attorneys' fee for the services of his attorneys' herein.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all the defendants:

1. A declaratory judgment that the policies, practices and acts complained of are illegal and unconstitutional.
2. A preliminary and permanent injunction preventing defendant City of Rexburg Police Department from employing the Defendant Robinson.
3. Compensatory damages in an amount proven at trial, but no less than $10,000.00.
4. Punitive damages in the amount no less than $1,000,000.00.
5. Such other and further relief as this Court may deem appropriate, including costs and reasonable attorney fees.

Dated this 17th of July, 2019

Allen H. Browning
Browning Law

## DEMAND FOR JURY TRIAL

Plaintiffs hereby make demand for trial by a jury of twelve persons of the issues in the above-entitled matter pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**DATED** this 17th day of July, 2019.

BROWNING LAW

_____
Allen Browning

## VERIFICATION

I, WILLIAM BIAS, Plaintiff herein, have first-hand knowledge of the truth of the facts stated in this complaint, and hereby affirm and state that I have read the foregoing COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL, know the contents thereof and believe the same to be true and correct to the best of my knowledge and belief.

Dated this 17th day of July, 2019.

_____
WILLIAM BIAS
Plaintiff

SUBSCRIBED AND SWORN to be before me this 17th day of July, 2019, by one bearing the identification of WILLIAM BIAS, who attested the facts contained in this complaint were true and correct, to the best of his knowledge, and known to him first-hand.

_____
Notary Public for Idaho
Residing at Idaho Falls
My Commission Expires: 2/6/2025