UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM BIAS,<br><br>                      Plaintiff,<br><br>   v.<br><br>WYNN ROBINSON, SID D. BROWN, MADISON COUNTY, AND CITY OF RESBURG POLICE DEPARTMENT,<br><br>                      Defendants. | Case No. 4:19-cv-00280-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTION TO CONTINUE EXPERT WITNESS DISCLOSURE AND DISCOVERY DEADLINES (DKT. 43)** |

      Pending is Plaintiff's Motion to Continue Expert Witness Disclosure and Discovery Deadlines (Dkt. 43), in which Plaintiff seeks to extend all expert witness disclosure and discovery deadlines by 60 days on the basis that he needs more time to obtain certain records for his expert to review. Defendants oppose the motion (Dkt. 44). After reviewing Plaintiff's motion and Defendants' opposition, the Court issued an order giving Plaintiff an opportunity to supplement his motion with additional details about his attempts to obtain the subject records and argument whether the motion is supported by good cause (Dkt. 46). Plaintiff filed a supplemental Verified Memorandum in Support (Dkt. 47) and Defendants filed an additional response to Plaintiff's supplementation (Dkt. 48). The motion is granted in part, for the reasons described below.

## BACKGROUND

      Plaintiff filed his Verified Complaint on July 18, 2019, seeking various relief including money damages in the form of "financial loss … in an amount of over $10,000." (Dkt. 1). This Court issued a scheduling order (Dkt. 36) on December 10, 2019, setting various case

**MDO RE: PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER – 1**

management deadlines. One such deadline required Plaintiff to "disclose the experts intended to be called at trial on or before May 1, 2020." Plaintiff filed his motion to extend that deadline on April 28, 2020, three days prior to this disclosure deadline.

## DISCUSSION

District courts have broad discretion in supervising the pretrial phase of litigation. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Once a district court has issued its scheduling order, Rule 16 sets the standard for modifying the schedule. That standard requires "good cause with the judge's consent" to modify a scheduling order. Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 Advisory Committee's Note (1983)). Although the existence of prejudice to the party opposing the modification may supply reasons to deny a motion, "the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* Here, Plaintiff asks the Court to extend "all Expert Witness Disclosure and Discovery Deadlines," including his May 1, 2020 expert disclosure deadline, thus amending the December 10, 2019 Scheduling Order. Therefore, Rule 16(b)'s "good cause" standard applies.

Plaintiff says his motion is "due to COVID-19 around the Nation." He indicates that his prior employer has been shut down for approximately six weeks and that he has been unsuccessful getting his employment information from the company due to an inability to get in touch with anyone at the company in a timely fashion – although he indicates having received an email response from a company representative earlier the same day he filed the motion. The employment records Plaintiff seeks to obtain from his former employer are necessary for his economic expert to prepare his expert report for disclosure. Plaintiff's motion is not supported

**MDO RE: PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER – 2**

by a memorandum in support or any other filings, and nothing in the motion addresses the applicable legal standard or describes any detail as to whether he has been diligent or whether there is good cause for granting his motion.

Defendants filed their opposition the same day Plaintiff filed his motion. In it, they argue that a large portion of Plaintiff's claimed economic damages stems from Plaintiff losing his job with his prior employer in 2012. Because Plaintiff knew when filing this action ten months ago that his prior employment records would be important to this case, Defendants argue, Plaintiff should have contacted the prior employer earlier to get the records. They urge that his failure to do so demonstrates a lack of diligence and precludes a finding of good cause for granting the motion.

After the Court invited additional information, Plaintiff filed a Verified Memorandum in Support of his motion, consisting of an affidavit regarding counsel's attempts to obtain the records at issue, an economic expert's preliminary report (that is dated twelve days after the disclosure deadline), and an affidavit from a legal assistant in counsel's office further discussing attempts to obtain the prior employer's records. The affidavit of counsel attaches email correspondence with the prior employer as an exhibit.

The additional information shows that the first attempts to contact Plaintiff's prior employer for the employment records occurred on April 9, 2020. Those attempts by phone and email were unsuccessful. The next attempts to reach the prior employer occurred eight days later, on April 17, 2020, when counsel made two phone calls and left messages with an answering service and via a voicemail message. Counsel or his assistants again attempted to reach the prior employer on April 22, 25, and 27. On April 28, an HR manager from the prior employer responded to an email, indicating that Plaintiff would have to sign a release

**MDO RE: PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER – 3**

authorization before the prior employer would send his records.  Such a signed release authorization was obtained and sent on April 30.

During that same week, counsel was in touch with the economic expert he had previously retained.  The expert suggested that, lacking the prior employer's records, he could complete his report based on information from Plaintiff's Social Security or tax records.  Attempts to pursue those alternatives occurred on April 30 and on May 1, but they were not immediately successful.

Plaintiff's expert prepared a preliminary report and Plaintiff timely disclosed it to Defendants, but it did not contain "the final number for lost wages."  Plaintiff ultimately received employment records from the prior employer on May 4 and May 5.  Plaintiff himself obtained some tax returns and W-2 forms and provided them to counsel on May 5.  Counsel's office received Plaintiff's Social Security records on May 14.

Plaintiff says his motion is "due to COVID-19" and that his prior employer had been "shut down for approximately six weeks" when he filed his motion.  The Court is aware the current coronavirus pandemic and ongoing state of public health emergency have had a profound impact on many of society's institutions, including the courts and the practice of law.  Indeed, pursuant to a series of General Orders, the federal courthouses within the District of Idaho have been closed for over two months and it is still uncertain when "business as normal" may resume.

Even so, the existence of a global pandemic does not per se establish good cause for amending a Scheduling Order.  Despite the public health emergency, the federal courts in the District of Idaho have not been entirely closed and case deadlines have not been uniformly stayed.  Thus, the "good cause" requirement of Rule 16(b) continues to supply the standard Plaintiff must meet to be granted the relief he seeks.  And, as discussed *supra*, the touchstone of "good cause" is the moving party's diligence.

**MDO RE: PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER – 4**

Here, considering all the facts and circumstances, the Court is satisfied that Plaintiff was sufficiently diligent in seeking the subject records. Although Plaintiff certainly could have – and perhaps should have – sought such records earlier, the coronavirus pandemic was an unexpected and unforeseen independent factor that interfered with obtaining the records sooner. If the coronavirus pandemic had not struck when and how it did, Plaintiff likely would have been able to obtain the subject records in time for his expert to consider them when preparing his report – despite Plaintiff's waiting until some 22 days prior to the disclosure deadline to seek them. The Court therefore finds that Plaintiff was sufficiently diligent so that good cause is not precluded.

Plaintiff's motion properly and reasonably seeks to extend *all* expert witness disclosure and discovery deadlines, rather than only his own deadline. Defendants argue they would be prejudiced if Plaintiff's motion were granted without also modifying other deadlines, including the dispositive motion deadline. The Court is inclined to modify all related deadlines, including the dispositive motion deadline, as further discussed *infra*. Therefore, Defendants have not shown they would be prejudiced by the granting of Plaintiff's motion.[1]

Plaintiff's delay in seeking the employment records put him at risk of missing critical deadlines. Nonetheless, his counsel's efforts were stymied by the impact of the pandemic which happened to make its body blow to the country at the same time that Plaintiff was attempting to locate his employment records from his former employer. Those circumstances constitute good cause. When combined with the lack of irreparable prejudice to Defendants, such good cause

---

[1] Defendants separately suggest that the subject records should have been produced to them in discovery no later than March 20, 2020. To the extent that this argument implies that Defendants believe Plaintiff has acted in bad faith with respect to his discovery obligations, the Court notes merely that that issue is not before the Court at this time. If Defendants feel aggrieved by Plaintiff's discovery responses, including any objections to production requests, they may seek appropriate relief in the manners set forth in the Federal Rule of Civil Procedure.

**MDO R<small>E</small>: P<small>LAINTIFF'S</small> M<small>OTION TO</small> A<small>MEND</small> S<small>CHEDULING</small> O<small>RDER</small> – 5**

persuades the Court to grant the motion to amend the Scheduling Order, but only in part. Plaintiff requests a 60-day extension of all relevant deadlines, but that length of time is not justified.  Rather, the Court will extend the relevant case deadlines by 30 days, as outlined below.

## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Continue Expert Witness Disclosure and Discovery Deadlines (Dkt. 43) is GRANTED IN PART as follows:

- All dispositive motions, including motions relating to punitive damages, must be filed by **November 2, 2020**;

- ADR must be held by **November 30, 2020**;

- All fact discovery must be completed by **October 1, 2020**;

- Plaintiff must disclose the experts intended to be called at trial on or before **June 1, 2020**;

- Defendant must disclose the experts intended to be called at trial on or before **July 1, 2020**;

- Plaintiff must disclose rebuttal experts intended to be called at trial on or before **July 15, 2020**; and

- All discovery relevant to experts must be completed by **August 14, 2020**.

DATED: May 19, 2020

_____
Honorable Ronald E. Bush
Chief U.S. Magistrate Judge

**MDO Re: Plaintiff's Motion to Amend Scheduling Order – 6**